860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny BROWN, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 88-5424.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1988.
 
 Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a)(1), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner seeks appointment of counsel in this appeal from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. Brown, a federal prisoner, pleaded guilty to one count of possession of marijuana with intent to distribute and one count of use of a communication device to commit a felony. He was sentenced to five years and a two year special parole term on count one, to run concurrently with his four year sentence on count two.
 
 
 3
 In his petition for a writ of habeas corpus, Brown alleged that the United States Parole Commission violated his due process rights by enhancing his parole eligibility guidelines based on its reliance upon information contained in the pre-sentence investigation report and in reports from the parole officer. The district court concluded that the Parole Commission was entitled to rely upon the information provided, and denied the petition for a writ of habeas corpus. On appeal, petitioner reasserts his claims below and further argues ineffective assistance of counsel and the government's breach of the plea agreement.
 
 
 4
 Upon consideration, we conclude that the district court properly denied the petition for a writ of habeas corpus. The United States Parole Commission was entitled to rely upon the information it received from the parole officer and in the pre-sentence report. See Hackett v. United States Parole Comm'n, No. 86-6081, slip op. at 5-9 (6th Cir. Dec. 8, 1987) (per curiam).
 
 
 5
 Petitioner's vague allegations on appeal regarding ineffective assistance of counsel and breach of the plea agreement were not presented to the district court, and cannot therefore be considered for the first time on appeal. Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987).
 
 
 6
 Upon review, we deny the motion for appointment of counsel and affirm the denial of the petition for a writ of habeas corpus. Rule 9(b)(5), Rules of the Sixth Circuit.